This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SALVADOR RICO**,

     Worker-Appellant,

v.                                   **NO. 31,127**

**JAMES R. MONTOYA, d/b/a THE ROCK CONSTRUCTION COMPANY, and NEW MEXICO MUTUAL CASUALTY COMPANY**,

     Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Victor S. Lopez, Judge**

Rose Bryan, P.C.
Rose Bryan
Albuquerque, NM

for Appellant

Yenson, Lynn, Allen & Wosick, P.C.
Phyllis Savage Lynn
April D. White
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VANZI, Judge.**

Worker appeals from an order sustaining Employer/Insurer's objection to Worker's notice of change of health care provider (HCP). We issued a notice of proposed summary disposition, proposing to reverse. Employer/Insurer has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore reverse.

Worker's entitlement to change his HCP turns upon the effect of a letter which Employer/Insurer sent to him approximately two weeks after he was injured. In that letter, Employer/Insurer wrote to "confirm" that it had not chosen the initial HCP but rather had "allowed" Worker to make the initial selection. [MIO 2] Insofar as he had already received treatment from Dr. Sanchez, the letter specifically identified Dr. Sanchez as Worker's "chosen" HCP. [MIO 2]

As a matter of law, it was incumbent upon Employer/Insurer to advise Worker, in writing and within a reasonable period of time, of its decision either to select the initial HCP itself or to allow Worker to make the initial selection. NMSA 1978, § 52-1-49(B) (1990); 11.4.4.11(C)(2)(b) NMAC (2003); *Howell v. Marto Elec.*, 2006-NMCA-154, ¶¶ 15, 18, 140 N.M. 737, 148 P.3d 823 (recognizing that the employer is "required to communicate their initial decisions with respect to which party will choose the initial HCP to their workers in writing" and observing that this communication must occur "within a reasonable period of time"). Employer/Insurer

contends that its letter fulfilled this requirement by indicating that it had decided to allow Worker to make the initial selection. [MIO 5-6]

In *Cribbs v. Coastal Chemical*, No. 29,896, slip op. at 1 (N.M. Ct. App. Sept. 30, 2010), we addressed a letter that was analogous in all material respects. As in this case, the employer/insurer wrote the worker a "confirmatory" letter in which it took the position that the worker had already selected the initial HCP by seeing a physician. *Id.* at 2. We concluded that this did not comply with the employer/insurer's duty to advise the worker of his right to choose. *Id.* More specifically, we held that an employer/insurer "cannot provide notice in writing that a worker has the right to choose an initial HCP and identify who that choice is in the same document without defeating the concept of choice and the requirement of notice as contemplated by the Legislature in Section 52-1-49(B) and articulated in 11.4.4.11(C)(2)(b) NMAC." *Cribbs*, No. 29896, slip op. at 3.

The letter at issue in this case is deficient in precisely the same respects. As in *Cribbs*, Employer/Insurer took the position that Worker had already made a selection and specifically identified the doctor. "[W]e decline to interpret a letter that states that a worker has already made a selection as written notice that a worker may make a selection." *Id.* at 2.

3

In its memorandum in opposition, Employer/Insurer attempts to distinguish *Cribbs* on its facts. [MIO 7]   The letter at issue in this case contains some additional language, including Employer/Insurer's assertion that it had already "allowed" Worker to choose the initial HCP, as well as a suggestion that Worker contact Employer/Insurer or an ombudsman if he disagreed with Employer/Insurer's position. [MIO 2, 7]   However, the inclusion of this language does nothing to satisfy the essential statutory and regulatory requirement, that Employer/Insurer inform Worker of his right to make a prospective choice.  It is this critical shortcoming which renders the similarities between the letters, rather than their differences, controlling.

Employer/Insurer also argues that *Cribbs* should be distinguished on grounds that we lack information about the nature and extent of the treatment that Worker received from Dr. Sanchez.  [MIO 7-8]   However, this has no bearing on Employer/Insurer's obligation to provide reasonably prompt and legally adequate notice of its decision with respect to the initial selection of HCP.  As we held and *Howell* and reiterated in *Cribbs*, an employer/insurer may not avoid its responsibility in this regard by remaining silent for a period and subsequently relying on the worker's predictable act of obtaining care on his or her own to establish that the worker made the initial HCP selection. *Howell*, 2006-NMCA-154, ¶ 30; *Cribbs*, No. 29,896, slip op. at 2.  In light of Employer/Insurer's failure to provide the requisite

4

notice in this case, the nature and extent of care that Worker received from Dr. Sanchez is immaterial.

Finally, Employer/Insurer urges the Court to "disregard" *Cribbs*, arguing that it represents an unwarranted expansion of the statutory obligation to provide notice. [MIO 8] However, we do not share Employer/Insurer's view, and we decline the invitation to abrogate our prior decision.

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we reverse and remand for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**



_____
**MICHAEL E. VIGIL, Judge**